■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEWIS COLTEN, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 24, 1972, convicting him of attempted criminal posesssion of a dangerous drug in the fourth degree, upon a plea of guilty, and sentencing him to a term of probation. The appeal also brings up for review a decision of the same court, rendered October 13, 1971, denying defendant's motion to suppress evidence, after a hearing. Case remanded to the Criminal Term for a further hearing on the motion to suppress, to determine who, in fact, opened the inner plastic bags of the suitcases in question. In the interim, appeal held in abeyance. The testimony adduced at the suppression hearing was somewhat vague and indefinite on this issue. Moreover, one of the two People's witnesses who testified at the hearing later admitted (at the trial of appellant's codefendant) having perjured herself both before the Grand Jury and at the suppression hearing, at the instigation of the other witness, for fear of losing her job. In view of these factors, we deem it to be in the best interests of justice to remand for a further hearing on the issue above stated and to hold the appeal in abeyance, pending a determination on that issue. The District Attorney, in his brief, has agreed to such further hearing. Rabin, P. J., Hopkins, Munder, Martuscello and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GENNARO GIANNIZZERO, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered April 14, 1971, convicting him of robbery in the first degree, upon a plea of guilty, and sentencing him to an indeterminate prison term not to exceed 15 years. Judgment affirmed. On May 22, 1970, defendant appeared in court for sentencing on a crime to which he had pleaded guilty on March 11, 1970 (under indictments 28560 and 28831). After sentence was imposed (five years' probation), defendant pleaded guilty to robbery in the first degree in satisfaction of three indictments (Nos. 28979, 28980 and 28982), each charging that crime, grand larceny in the third degree and possession of a weapon as a misdemeanor (this appeal is from the judgment rendered upon this plea). Defendant's attorney requested that the imposition of sentence be adjourned six months and the court acquiesced. When defendant appeared for sentencing, on April 14, 1971, he requested permission to withdraw his plea of guilty to first degree robbery, asserting that he had believed the prior sentence of probation was to cover all pleas. This position is unequivocally refuted by the minutes of May 22, 1970 and the request was properly denied. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ. concur.